Reese, J.
delivered the opinion of the court.
The general question raised by the record in this case, is, whether a widow is dowable of land of which, her husband died seized and possessed, and which land, at the time of the death, was unencumbered except by the lien of a judgment? Since the case in 4th Yerg. 226, now some fourteen years, this question has been considered, we imagine, by our courts, and by the profession, as having been settled in the affirmative, and hundreds of widows, it is probable, have had their dower assigned to them in cases where judgments existed at the death, of the husband, creating a lien upon his lands. The case referred to, indeed, determined only that the claims of the general creditors against the estate of the husband were subordinate to the widow’s right of dower. But before that decision, it had been held by the supreme court of North Carolina, in a well considered and elaborate opinion, upon the construction of the statute of 1784, that neither the lien of a judgment, nor the levy of an execution upon the lands of the husband in his life time, could be held to divest his *424 title and seizin so as that he would not die “seized and possessed” of the land, within the obvious sense and meaning of the statute of dower; because such levy would not invest the sheriff with the title to the land, so that he could maintain ejectment, trespass, or any action in relation to it; but, after such levy, the legal title to the fee, the inheritance would descend to, and invest in the heirs at law. This general question, as to the effect and operation of a levy upon the title of the owner when followed by his death, was decided, on full discussion by this court, in the case of Overton vs. Perkins, 9 Yer. That, indeed, was not a case of dower; but it decided that a levy upon land did not divest the title of the owner and vest it in the sheriff making the levy, and that, therefore, when the death of the owner took place before the sale, the inheritance descended to the heirs, and the sheriff, with or without a venditioni exponas, could not make a valid sale, until scire facias against the heirs, and process thereon awarded against them. The principle of that decision is decisive of the question before us. We approve, also, of the North Carolina case referred to, which has met the approbation and received the sanction of the courts of that State in subsequent cases. The question, upon the whole, therefore, we think, has long been free from all difficulty, and is now well settled.
Let the decree be affirmed.